IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MISHAN CHRISTOPHER KELLER, :
:
                Plaintiff, : CIVIL ACTION NO. 18-4206
:
v. :
:
F.D.A., ALLENTOWN POLICE, and :
LEHIGH COUNTY PRISON, :
:
                Defendants. :

**MEMORANDUM OPINION**

Smith, J.                                                                                                           October 30, 2018

     A *pro se* plaintiff has sought to proceed *in forma pauperis* in an action arising from his 2015 arrest for driving under the influence. The plaintiff blames the prescription medication he was taking for his arrest. More specifically, the plaintiff asserts that even though the label on the medication bottle stated that he should use caution while operating a motor vehicle while taking the medication, it should have stated that he should not operate a motor vehicle while taking the medication. The plaintiff appears to assert a claim against the Food and Drug Administration for mislabeling the medication bottle, a false arrest claim against the police department that arrested him, and a claim for false imprisonment against the county jail that housed him.

     As discussed below, although the court will allow the plaintiff to proceed *in forma pauperis*, the court must dismiss the complaint because (1) he appears to assert a claim under the Federal Tort Claims Act ("FTCA") against the FDA and (a) the FDA is not the proper defendant in a FTCA action, and (b) there are no allegations showing that he administratively exhausted his claim before filing this federal lawsuit, (2) neither the police department nor the county jail are proper defendants in an action under 42 U.S.C. § 1983, (3) *Heck v. Humphrey*, 512 U.S. 477

(1994) bars his false arrest and false imprisonment claims because he has not alleged a favorable termination of his state court criminal proceedings with respect to the driving under the influence charge, and (4) the statute of limitations bars his false arrest and false imprisonment claims to the extent that *Heck* does not bar the claims.

I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Mishan Christopher Keller ("Keller") filed an application to proceed *in forma pauperis* (the "IFP Application") and a proposed complaint on September 28, 2018. Doc. Nos. 1, 2. In the complaint, Keller alleges that at approximately 1:45 a.m. on an unspecified date in 2015, he was stopped at 9th and Liberty Streets for an issue with his headlight.[1] *See* Compl. at ECF pp. 2, 3. Prior to driving on this date, he had taken a prescription pill with a label stating to "use caution while operating a motor vehicle." Compl. at ECF p. 2.

Apparently, an officer with the defendant, the Allentown Police Department (the "Police Department") determined that Keller was impaired and under the influence (presumably due to the plaintiff's reaction to the prescription medication). An officer with the Police Department ultimately charged Keller with DUI–Controlled Substance, Impaired Ability (First Offense),[2] No Headlights,[3] and DUI–General Impairment (First Offense)[4] on December 7, 2015. *See* Docket, *Commonwealth v. Mishan Keller*, No. CP-39-CR-5371-2015 (C.P. Lehigh), *available at*: https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-39-CR-0005371-2015; *see also* Compl. at ECF pp. 2, 3, 4. Bail was set for Keller on that date, and he eventually posted bail on December 14, 2015. *See id.* The Court of Common Pleas of Lehigh County

---

[1] Although Keller does not specify as such, the court infers from the allegations in the complaint that an officer with the Allentown Police Department stopped his vehicle. As discussed later in this opinion, the publicly available docket records reflect that the Allentown Police Department was involved in bringing criminal charges against Keller.
[2] 75 Pa. C.S. § 3802(d).
[3] 75 Pa. C.S. § 4303(a).
[4] 75 Pa. C.S. § 3802(a)(1).

2

formally arraigned Keller on the aforementioned charges on February 29, 2016. *See id.* It appears that on August 8, 2016, the Commonwealth of Pennsylvania withdrew the No Headlights and DUI–General Impairment charges, and Keller entered the Accelerated Rehabilitative Disposition ("ARD") program for 12 months for the DUI–Controlled Substance charge. *See id.*

Almost three years after his arrest, Keller now asserts that the prescription medication he was taking on the date of his arrest should have been labeled with a warning not to drive while on the medication. *See* Compl. at ECF pp. 2, 3, 4. He states that this mislabeling cost him $3,000, "jail time," and "its [sic] on my record." *Id.* at ECF p. 2. He also indicates that his arrested caused him to violate his probation. *Id.* at ECF p. 4.

Keller purports to assert claims against the FDA, the Police Department, and the Lehigh County Prison (the "Jail").[5] *Id.* at ECF p. 1. He claims that the incident with his arrest for DUI "[i]ncreased his PTSD and anxiety about trusting what [he] can do and can't." *Id.* at ECF p. 4. For relief, Keller is seeking a monetary award of $75,000, and he wants to have his DUI conviction expunged.[6] *See id.* He also wants the FDA to label the medication with "DO NOT DRIVE" instead of "USE CAUTION." *See id.*

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein,

---

[5] Keller misidentifies this defendant as the "Lehigh County Prison," when it is the "Lehigh County Jail." *See* https://www.lehighcounty.org/Departments/Corrections/Lehigh-County-Jail.

[6] Although unclear from the docket, Keller may not have completed the ARD program because successful completion of the program involves the presiding judge to order the dismissal of the charges against the participating defendant and the expungement of the defendant's arrest record. *See* Pa. R. Crim. P. 320(a) (setting forth remedies for ARD-participating defendant upon successful completion of ARD).

> without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Keller is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B.** **Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction**

Because the court has granted Keller leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is

4

frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

5

*v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Keller bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### C.  Analysis

#### 1.  Keller's Claims Against the FDA

As indicated above, Keller seeks to hold the FDA liable for mislabeling the medication he was using when the police arrested him for DUI. According to Keller, the FDA should have labeled the medication with "DO NOT DRIVE" rather than "use caution while operating a motor vehicle." Compl. at ECF p. 2. The court construes these claims to assert a negligence claim pursuant to the FTCA against the FDA.

The FTCA authorizes suits against the United States for damages

6

for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). As an initial matter, the United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."); *see also Marshall-Lee v. U.S. Dep't of Veterans Affairs*, Civ. A. No. 18-2333, 2018 WL 5296375, at *1, n.1 (E.D. Pa. Oct. 25, 2018) ("It is well-settled that the only proper defendant for claims brought under the FTCA is the United States; not a federal agency sued in its own name or individual federal employees sued in their official capacities." (citations omitted)). Moreover, "[u]nder 28 U.S.C. § 2675(a), a plaintiff may not bring a claim under the FTCA unless he 'first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.'"[7] *Burrell v. Loungo* -- F. App'x --, 2018 WL 4355922, at *3 (3d Cir. Sept. 12, 2018) (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015)). This requirement is "jurisdictional and cannot be waived." *Shelton*, 775 F.3d at 569. Therefore, a plaintiff "must . . . plead administrative exhaustion in an FTCA case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011); *see Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, . . . and, as such, should be affirmatively alleged in the complaint. A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite.").

---

[7] Section 2675(a) states:
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

At this time, the court must dismiss Keller's FTCA claim against the FDA because he has not affirmatively alleged that he administratively exhausted this claim prior to filing this action. Nonetheless, in light of Keller's *pro se* status, the court will grant him leave to file an amended complaint in the event he can set forth an exhausted claim for relief under the FTCA against the United States.[8]

### 2. Keller's Claims Against the Police Department

Keller next suggests that the Police Department is liable for wrongfully arresting him for DUI.[9] As an initial matter, Keller cannot maintain his claims against the Police Department, as the department is not a "person" which can be sued under 42 U.S.C. § 1983. *See Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (concluding that district court "correctly determined that the Jersey City Police Department was not a proper party to this action" and explaining that "[a]lthough local governmental units may constitute 'persons' against whom suit may be lodged under § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part"). Instead, the proper defendant for a claim against this entity is the municipality itself. *See, e.g., Cohen v. Chester Cty. Dep't of Mental Health/Intellectual Disability Servs.*, Civ. A. No. 15-5285, 2016 WL 3031719, at *4 (E.D. Pa. May 24, 2016) (explaining that as municipal agencies are not proper defendants under section 1983, "the municipality is the proper defendant [in] § 1983 claims arising from the agency's actions"). Even if the court were to construe the existing claim as one against the City of Allentown, Keller has failed to state a claim against the city because nothing in the complaint

---

[8] To the extent that Keller seeks injunctive relief, the court notes that "the FTCA does not empower district courts to enjoin the United States." *Brown v. Mercadante*, Civ. A. Nos. 15-1593, 15-5178, 2016 WL 1359586, at *9 (E.D. Pa. Apr. 6, 2016), *aff'd in part, vacated in part on other grounds*, 687 F. App'x 220 (3d Cir. 2017).

[9] As discussed later in this opinion, the court is very loosely using the verb "suggests" here as Keller fails to include any factual allegations regarding the Police Department in the complaint. In addition, it appears to be somewhat contradictory for Keller to argue that the FDA failed to require the proper labeling of his prescription medication because taking the medication caused the police to arrest him for DUI and then state that the police lacked probable cause to arrest him for DUI.

suggests that any violation of Keller's constitutional rights stemmed from a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

Even if the Police Department was a proper defendant, it does not appear that Keller could obtain relief against it. In the first place, it is unclear how Keller is asserting that the Police Department falsely arrested him. Keller (presumably) alleges that the Police Department stopped his vehicle because of an issue with the vehicle's headlight, but it appears that the police ultimately arrested him for driving the vehicle while impaired. Keller does not appear to assert that he did not have a problem with his vehicle's headlight or that he was not actually impaired. At bottom, the court cannot discern the basis for the false arrest claim.

Regardless of the basis for the false arrest claim, the claim would be barred. If Keller is asserting a claim based on the stop of his vehicle and the headlight violation charge which was ultimately dismissed as part of him being admitted into ARD, the statute of limitations bars the claim. In this regard, the statute of limitations for section 1983 actions "is governed by the personal injury tort law of the state where the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Since Keller's claims arose in Pennsylvania, the court applies Pennsylvania's relevant limitations period, which in this case is two years. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (stating that "[t]he statute of limitations applicable to § 1983 claims in Pennsylvania is two years" (citation omitted)). This two-year limitations period "accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric*

*Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 589 (3d Cir. 1998). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391.

Here, Keller's claim accrued on December 7, 2015, when the police arrested him on the charges ultimately brought against him. *See id.* at 389-90 & n.3; *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (concluding that accrual of claim for false arrest occurred on date that plaintiff "was arrested and charges were filed against him").[10] Keller did not file the instant complaint until September 28, 2018; therefore, the false arrest claim is untimely by more than nine months.

If the false arrest claim is based on the arrest for DUI, this presents another obstacle for Keller. More specifically, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) bars the claim.

"Under *Heck*, a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Giles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005); *see Heck*, 512 U.S. at 486-87 ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). The rule set forth in *Heck* applies if "success in [the] action would

---

[10] Arguably, Keller's false arrest claim could have accrued, at the latest, on February 29, 2016, when he was formally arraigned on the charges. *See Wallace*, 549 U.S. at 397 (nothing that "the statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process"). In any event, Keller's action is untimely using either date as the date of accrual.

10

necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2006).

The court recognizes that "*Heck* does not automatically bar [a plaintiff's] claims of false arrest and false imprisonment." *Olick v. Pennsylvania*, -- F. App'x --, 2018 WL 303387, at *3 (3d Cir. June 19, 2018) (citation omitted); *see Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (stating that "claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). Nonetheless, "there are circumstances in which *Heck* may bar such claims." *Olick*, 2018 WL 303387, at *3 (citations omitted). *Heck* would bar the claims unless the plaintiff could prevail on any false arrest or false imprisonment claim while "respect[ing] the validity of the extant [underlying] conviction." *Id.* (citation omitted).

In this case, the court cannot contemplate circumstances in which Keller could prevail on his false arrest claim, without also invalidating his entry into ARD for DUI. Regarding ARD, participation in an ARD program is not a favorable termination under *Heck* because

> the ARD program imposes several burdens upon the criminal defendant not consistent with innocence, including a probationary term, restitution ... imposition of costs, and imposition of a reasonable charge relating to the expense of administering the program, and such other conditions as may be agreed to by the parties.

*Gilles*, 427 F.3d at 211 (omission in original) (citation and internal quotation marks omitted). Thus, Keller's "participation in the ARD program bars his § 1983 claim" with respect to his DUI charge. *Id.* at 211-12.

### 3. Keller's Claims Against the Jail

Similar to his claims against the Police Department, Keller includes a conclusory phrase in the caption that the Jail wrongfully incarcerated him without any other factual allegations to

11

support this assertion. *See* Compl. at 1. Also similar, Keller may not assert a section 1983 claim against the Jail because it "'is not a person capable of being sued within the meaning of § 1983.'" *Maier v. Lehman*, Civ. A. No. 13-6669, 2014 WL 7182116, at *1, n.3 (E.D. Pa. Dec. 16, 2014) (quoting *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013)); *see also Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016) (holding that a "prison is not an entity subject to suit under 42 U.S.C. § 1983"). Accordingly, Keller cannot maintain his claims against the Jail.

Even if the Jail was a proper defendant or if Keller had named the municipality as the appropriate defendant, Keller's claims against it would fail for the same reasons discussed with respect to the Police Department. More specifically, *Heck* would bar the claims and, even if *Heck* did not bar the claims, the statute of limitations would bar them. *See, e.g.*, *McCracken v. Wells Fargo Bank, NA*, 634 F. App'x 75, 79 (3d Cir. 2015) ("McCracken's false arrest and false imprisonment claims accrued on or about June 9, 2011, when his preliminary arraignment took place[.]" (citing *Wallace*, 549 U.S. at 397)).

## III. CONCLUSION

For the foregoing reasons, the court will grant Keller leave to proceed *in forma pauperis* and dismiss the complaint. The court will be dismissing (1) Keller's claims against the FDA without prejudice to him to file an amended complaint if he can set forth a plausible, exhausted claim for relief under the FTCA against the United States; (2) Keller's claims against the Police Department and the Jail with prejudice; and (3) Keller's claims challenging his placement in the ARD program for DUI without prejudice to his right to pursue them in a new lawsuit if and when such placement is invalidated.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.